**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Quanta Services, Inc.,**
**Employer Below, Petitioner**

**v.)**     **No. 24-414**  (JCN: 2021018967)
                   (ICA No. 23-ICA-449)

**Zachary Bolling,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Quanta Services, Inc. appeals the April 22, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Quanta Services, Inc. v. Bolling*, No. 23-ICA-449, 2024 WL 1730068 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision). Respondent Zachary Bolling filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the September 11, 2023, decision of the West Virginia Workers' Compensation Board of Review, which reversed the claim administrator's order which denied a request for temporary total disability benefits for the period from April 15, 2021, through June 8, 2021.

The employer argues that the Board of Review's order was premised upon a plain error of law because the record contains no evidence that the claimant was physically unable to continue working on April 15, 2021. Specifically, the employer asserts that the Board of Review erroneously relied upon, and misapplied, West Virginia Code § 23-5-13(a) in disregarding the requirements of temporary total disability eligibility.[2] The employer contends that once the

---

[1] The petitioner is represented by counsel Daniel G. Murdock, and the respondent is represented by counsel Kelly Elswick-Hall.

[2] West Virginia Code § 23-5-13(a) provides:

It is the policy of this chapter that the rights of claimants for workers' compensation be determined as speedily and expeditiously as possible to the end that those incapacitated by injuries and the dependents of deceased workers may receive benefits as quickly as possible in view of the severe economic hardships which immediately befall the families of injured or deceased workers. Therefore, the criteria for continuances and supplemental hearings "for good cause shown" are to be strictly construed by the chief administrative law judge and his or her authorized representatives to prevent delay when granting or denying continuances

claimant returned to work, his entitlement to temporary total disability benefits was terminated by operation of law under West Virginia Code § 23-4-7a(e)(4).[3] Additionally, the employer asserts that the ICA erred in determining that the claim administrator could not make a retroactive determination regarding the claimant's entitlement by citing *Mitchell v. State Workmen's Compensation Commission*, 163 W. Va. 107, 256 S.E.2d 1 (1979), because *Mitchell* does not apply to this case. As such, the employer believes that once the claim was held compensable, a determination needed to be made regarding the claimant's entitlement to temporary total disability benefits, which is necessarily retroactive. The claimant counters the employer's assertions by stating that the only evidence submitted shows that he was temporarily and totally disabled due to his work injury from April 15, 2021, through June 8, 2021.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: March 19, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

and supplemental hearings. It is also the policy of this chapter to prohibit the denial of just claims of injured or deceased workers or their dependents on technicalities.

[3] West Virginia Code § 23-4-7a(e)(4) provides, in part:

In all cases, a finding by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, that the claimant has reached his or her maximum degree of improvement terminates the claimant's entitlement to temporary total disability benefits regardless of whether the claimant has been released to return to work. Under no circumstances shall a claimant be entitled to receive temporary total disability benefits either beyond the date the claimant is released to return to work or beyond the date he or she actually returns to work.